UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

**In re:**

**ALLTOUR AMERICA TRANSPORTATION, INC.,**

**Debtor.**
______________________________/

**Case No.: 6:16-bk-07183-RAC**
**Chapter 11**

**ACTING UNITED STATES TRUSTEE'S EXPEDITED MOTION TO DISMISS OR CONVERT CASE TO CHAPTER 7**

Guy G. Gebhardt, Acting United States Trustee for Region 21 ("UST"), moves this Court to enter an order dismissing this case, or converting this case to Chapter 7, pursuant to 11 U.S.C. § 1112(b) for cause. In support, the UST states:

**STANDING**

1. The United States Trustee has standing to file motions to dismiss or convert chapter 11 cases under 11 U.S.C. §§ 307 and 1112(b)(1), as well as 28 U.S.C. § 586. *See also* Collier on Bankruptcy ¶ 1112.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

**FACTUAL BACKGROUND**

2. On November 28, 2016 ("Petition Date"), Alltour America Transportation, Inc. (the "Debtor") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, thereby initiating the instant case.

3. As reflected in the Debtor's Chapter 11 Case Management Summary (Dkt. No. 2), the Debtor "is a charter bus company that provides local and long distance

transportation services in the State of Florida, including daily trips from the Orlando area to Miami and surrounding areas." Case Management Summary at 1. The Debtor operates out of a leased premises located at 141 Parcel Lane in Orlando, Florida. Id. The Debtor has 24 fulltime employees. Id. at 3.

4. On November 1, 2016, the Court entered its Order Authorizing Debtor-In-Possession to Operate Business (Dkt. No. 3; the "Operating Order"). The Operating Order requires that the Debtor cooperate with the UST "by furnishing such additional information as the [UST] may reasonably require in supervising the administration of the estate." Operating Order at ¶ 7. Since soon after the Petition Date, the UST has made multiple requests for the Debtor to provide certain documentation routinely required in every Chapter 11 case pursuant to, among other things, the Operating Guidelines and Reporting Requirements for Debtors and Debtors-in-Possession and Chapter 11 Trustees (the "UST Guidelines").

5. Despite these requests, the Debtor has failed to provide to the UST proof of worker's compensation insurance. At a hearing in this case on January 18, 2017 (the "Hearing"), Debtor's counsel informed the Court that the Debtor may not have an ability to pay the insurance premiums to obtain worker's compensation coverage. In addition, the Debtor has also failed to provide (i) 2014 and 2015 balance sheets for non-debtor All Tour of America; and (ii) vehicle insurance policy information listing the employees and subcontractors that are covered by the policy (collectively, and together with proof of worker's compensation insurance, the "Required Documents").

6. Pursuant to paragraph six of the Operating Order, the Debtor is required to file by the twenty-first day of the month succeeding each calendar month a monthly operating report ("MOR") containing specified financial information for each month while this case is pending in Chapter 11. Operating Order at ¶ 6. While the Debtor has filed MORs for the months of November and December of 2016, these reports are deficient in that, among other things, (i) they do not attach a balance sheet or profit and loss statement; (ii) the accounts receivable reconciliations are not correct; (iii) they do not include accounts payable reconciliation; (iv) it does not appear that the Debtor is paying payroll taxes; (iv) there is no bank account reconciliation; (v) it is not possible to identify the sources of certain out-going and incoming transfers; (vi) the Debtor has not completed the personnel or the confirmation of insurance section of the MORs; and (vii) it appears that the Debtor is using credit cards. Based on these deficiencies, the UST and other parties in interest are not able to adequately monitor the Debtor's financial activities.

7. Moreover, based on the UST's review of the Debtor's MORs, the Debtor is operating at a loss. The Debtor included in its December MOR as income its November income in the amount of $27,830 and thus counted this sum as income twice. When the November income is subtracted from the Debtor's December income, revenue is necessarily reduced to $104,188.42. The Debtor's expenses in December totaled $126,018.85; as a result, the Debtor had a loss in the amount of ($21,830.43) in December.

8. In addition, the Debtor's budgets filed in this case do not appear to have any basis in reality. As reflected in the Debtor's December Actual and Projected Expenses (Dkt. No. 61; the "December Budget Reconciliation"), the Debtor's projections differ significantly from its actual performance. For example, the December Budget Reconciliation reflects the following discrepancies, among others:

| **Operating Expenses** | **Projected – December** | **Actual - December** |
|---|---|---|
| Insurance for Buses | $606.95 | $13,238.00 |
| Fuel for Bused | $4,499.30 | $20,475.63 |
| Phone | $530.00 | $2,558.70 |
| Payroll | $5,000.00 | $36,264.41 |
| Maintenance | $1,000.00 | $10,626.89 |
| Tolls | $975.00 | $6,428.48 |

9. Further, at the Hearing counsel for the Debtor represented to the Court that the Debtor's sole officer and director and sole owner, Claudio Cipeda, is no longer managing the Debtor's affairs and has essentially abandoned his role with respect to the Debtor's operations. As such, there does not appear to be anyone with any actual or apparent authority managing the Debtor's financial affairs or daily operations.

## ANALYSIS

10. Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interest of creditors.

11. A non-exhaustive list of examples of "cause" warranting dismissal or conversion is set forth in 11 U.S.C. § 1112(b)(4) which includes, without limitation, the following: (i) substantial or continuing loss to or diminution of the Debtor's estate and a lack of reasonable likelihood of rehabilitation; (ii) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (iii) failure to comply with orders of this Court; (iv) unexcused failure to satisfy timely any filing or reporting requirement established by title 11 or by any rule applicable to a case under Chapter 11; (v) failure timely to provide information reasonably requested by the UST; and (vi) failure timely to pay taxes owed, or to file tax returns due, after the date of the order for relief . 11 U.S.C. §§ 1112(b)(4)(A), (C), (E), (F), (H) and (I).

12. The circumstances described above constitute cause to dismiss or convert this case based on the following:

a. The Debtor's failure to maintain worker's compensation insurance, and possibly appropriate vehicle insurance coverage, poses a risk to the estate and to the public;

b. The Debtor has failed to comply with the Operating Order;

c. The Debtor has failed to file complete and accurate MORs and properly account for its financial affairs during the pendency of this case;

d. The Debtor's sole officer and director and sole shareholder has abandoned the Debtor's operations;

e. The Debtor's budgets have no basis in reality as set forth in the December Budget Reconciliation;

f. The Debtor is experiencing substantial and continuing losses to, and diminution of, estate assets; and

g. The Debtor may not be paying its post-petition tax obligations and may not be filing its required post-petition tax returns.

13. These matters constitute grounds for the dismissal or conversion of this case under 11 U.S.C. § 1112(b) for cause, and this case should be dismissed or converted to a case under Chapter 7.

**RESERVATION OF RIGHTS**

14. The UST reserves the right to proceed at the hearing on this motion and present evidence to address any deficiency present in any subsequently-filed or transmitted documents, or alternatively, reserves the right to amend this motion to address same.

WHEREFORE, the UST requests the Court enter an Order granting this motion, dismissing or converting the Debtor's case to chapter 7, and granting such other and further relief as is just and appropriate.

DATED: January 23, 2017. Respectfully Submitted,

Guy G. Gebhardt
Acting United States Trustee
Region 21

*/s/ Jill E. Kelso*
Jill E. Kelso, Trial Attorney
Florida Bar No.: 0578541
Office of the United States Trustee

U.S. Department of Justice
400 W. Washington St., Suite 1100
Orlando, Florida 32801
Telephone No.: (407) 648-6301, Ext. 137
Facsimile No.: (407) 648-6323
Email: jill.kelso@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, United States Trustee's Motion to Reopen Case and for Appointment of a Trustee, has been served on January 23, 2017, through CM/ECF on parties having appeared electronically in the instant matter, and by U.S. Mail on the following:

Alltour America Transportation, Inc.
8751 Commodity Circle, Unit 6
Orlando, FL 32819

*/s/ Jill E. Kelso*
Jill E. Kelso, Trial Attorney